## Home Lightning Rod Co. v. Neff.

1. **Contract**: SALE BY SAMPLE: TENDER. Plaintiff contracted to erect on the defendant's house lightning rods according to a sample exhibited, and also to give to defendant a policy of insurance on the building, insuring it against injury by lightning for the period of ten years. In an action for the contract price, it was shown that the rods furnished were not according to sample, and that the policy of insurance had never been tendered, whereupon it was *held* that plaintiff could not recover.

*Appeal from Clark Circuit Court.*

FRIDAY, DECEMBER 8.

THIS is an action to recover upon a written and printed contract or order for the erection of lightning rods upon the

dwelling house of the defendant.   It is claimed that the rods were placed upon the building in accordance with the contract, and judgment is demanded for the amount named therein.

A mechanic's lien was filed for the claim, and the petition is in equity, and prays for a decree foreclosing the lien.   There are six other actions by the same plaintiffs against other parties defendant.   All of the actions are substantially the same, except in the amount claimed and some other slight but unimportant particulars.

The answers to the several actions are alike, and they set forth:

*First.*  That as an inducement to the contract the plaintiff by its agents agreed to give to each of the defendants a policy of insurance on the building, insuring it against any injury by lightning for the period of ten years, and that no such policy had been offered or tendered the defendants.

*Second.*  That the contracts were procured by deception and by false and fraudulent representations, and are therefore void.

*Third.*  That at the time of entering into the contract the agent of the plaintiff exhibited a sample of the rod which was to be put upon the buildings, which was made of thick, heavy copper, and that the rod actually placed upon the buildings is entirely different from the sample exhibited, and is wholly worthless.   Afterwards the plaintiff amended its petition by averring a tender of the policies of insurance, and that the same were brought into court for the defendant's use.   This amendment was answered by a denial that any tender had ever been made, and denying that any insurance policy was brought into court.

All of the actions were referred to Hon. N. W. Rowell to hear and determine, and they were all tried at the same time, and the referee reported that all of said contracts were procured by fraud and were absolutely void, and that there was no proof of the tender of any policy of insurance, and no

policy was produced, and that a delivery of a policy of insurance was a condition precedent to the settlement of the contract and payment for the rods. . Upon the coming in of the several reports of the referee, the court upon the motion of the plaintiff set the same aside, and the defendants appeal.

*Stuart Brothers*, for appellants.

*Temple, Chaney & McIntire*, for appellees.

ROTHROCK, J.—The appeals are all presented together, and we will proceed to determine them upon questions which are common to all.

Before proceeding to that, however, we deem it proper to say that all of these contracts are conclusively shown by the evidence to have been obtained by a system of base fraud and villainy. The agents of the plaintiff read over to the several defendants what was claimed to be a mere statement to the men with the wagons, so that they would know what to put up, and that the company would have the same to enable them to issue the insurance policy. The instrument was falsely read as to the amount to be paid for the rods, the amount therein named being from three to four times as much as the defendants agreed to pay, and as the agents read from the papers. Some of the defendants were unable to read the order, and all of them relied on the reading of the agent who made the contracts. It is not necessary that we should determine whether or not such of the defendants as could read the papers should have done so.

The plaintiff has made no argument in the case, and until it has some representative here justifying the conduct of these agents and claiming that the defendants are bound by the orders, we perfer to place our decision of the cases upon other grounds which affect all of them alike.

These rods were sold by sample. The sample exhibited was made of copper, which was thick and strong, and as one witness expressed it, more than four times as thick as the rods

put upon the buildings. The rods put up are described by the witnesses as about as thick as writing paper, and in some places they are fastened by nails driven through them. They are shown to be not of sufficient strength to withstand the action of the wind, as they are placed upon the buildings. This testimony is not contradicted, and it abundantly shows that the rods are utterly worthless.

Again, the plaintiff pleaded a tender of insurance policies. This was denied, and no proof was offered in support of the averment. The referee correctly found that no recovery could be had without an offer to fully perform the contract upon the part of the plaintiff. And this was the theory of the plaintiff when it amended its petition and averred a tender of the policies. But it failed to make the proof of tender, and for that reason alone there should have been judgment for the defendants for costs. The motion to set aside the report of the referee should have been overruled, and the report should have been approved by a proper decree.

REVERSED.